UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| CASSANDRA NICOLE EWING, | ) | Case No. 05-61028-705 |
| | ) | Judge Kathy A. Surratt-States |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| STUART J. RADLOFF, Chapter 7 Trustee | ) | **Adversary No. 07-4483-659** |
| | ) | |
| | ) | PUBLISHED |
| Plaintiff, | ) | |
| | ) | |
| -v- | ) | |
| | ) | |
| CASSANDRA NICOLE EWING, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The matter before the Court is Trustee's Complaint to Revoke Debtor's Discharge or, Alternatively, For Turnover Order Against Debtor. A trial was held on this matter on April 29, 2008, at which Trustee and Debtor appeared in person. The matter was then taken as submitted to the Court. Upon Consideration of the record as a whole, the Court makes the following FINDINGS OF FACT:

Debtor Cassandra Nicole Ewing (hereinafter "Debtor"), filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code on October 16, 2005. Stuart Jay Radloff was appointed as Chapter 7 Trustee (hereinafter "Trustee") for this bankruptcy case. Trustee made the following allegations in his Complaint: Debtor appeared at the 341 meeting where Trustee requested copies of Debtor's 2005 federal and state income tax returns and Trustee also advised Debtor not to spend the 2005 tax refunds. On July 17, 2006, Trustee filed a Motion to Compel Turnover of Documents. On August 14, 2006, this Court issued an Order directing Debtor to turnover 2005

federal and state income tax returns and deliver all tax refunds as soon as they were received or within 10 days of the date of the Court's Order.  Trustee learned from an Internal Revenue Service (IRS) representative that Debtor received a tax refund of $5,010.00 (hereinafter "Refund"), which was mailed to Debtor on or about February 23, 2006.  On January 17, 2006, this Court granted Debtor a discharge.

On December 4, 2007, Trustee filed the Complaint to Revoke Debtor's Discharge or, Alternatively, For Turnover Order Against Debtor (hereinafter "Complaint").  Debtor did not file a timely Answer to the Complaint.  At the original trial setting of February 12, 2008 the matter was continued for default proceedings. Trustee filed a Motion for Default Judgment and set it for hearing on March 17, 2008.  On March 17, 2008, Debtor appeared and the matter was continued to April 29, 2008 for trial.  On April 29, 2008, the trial was held on Trustee's Complaint where Trustee and Debtor were both in attendance and presented testimony.

At the trial Debtor stated that she probably had received the Refund of $5,010.00 from the IRS and that she could not afford to make payment arrangements with the Trustee to reimburse the Bankruptcy Estate.  Debtor further stated that she and her son depend on tax refunds to get current on bills.

Trustee argued that Debtor's Refund is an asset of the Bankruptcy Estate that Trustee needs to administer upon for the benefit of the Estate and to ultimately distribute to Debtor's creditors.  Trustee asserts that Debtor failed to comply with this Court's Order by not sending copies of the tax returns to Trustee or delivering the Refund to Trustee and therefore, has refused to obey a lawful Court Order.  Trustee contends that Debtor violated 11 U.S.C. § 727(a)(6)(A) and 11 U.S.C. § 542 by her failure to surrender her tax returns and the Refund.  Trustee requests that this Court revoke Debtor's discharge as a result.  Additionally, Trustee requests that this Court enter a judgment against Debtor for $5,010.00.

### JURISDICTION AND VENUE

This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334 (2007) and Local Rule 81-9.01 (B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2) (E) and (J) (2007). Venue is proper in this District under 28 U.S.C. §1409(a) (2007).

### CONCLUSIONS OF LAW

"Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damages, are admitted when not denied in the responsive pleading." FED. R. BANKR. P. 7008(d) (2007). Here, there is no dispute as to the facts since each allegation in Trustee's Complaint is deemed admitted as not having been denied by Debtor. Trustee seeks to revoke Debtor's discharge for Debtor's failure to comply with the August 14, 2006 Order for turnover. Trustee also seeks a judgment in the amount of $5,010.00.

"On the request of the trustee....and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of the section if....(2) the debtor acquired property that is property of the estate...and knowingly and fraudulently failed to ...deliver or surrender such property to trustee; (3) the debtor committed an act specified in subsection (a)(6) of this section...11 U.S.C. §§ 727(d)(2), (d)(3) (2007).

"The court shall grant the debtor a discharge, unless...(6) the debtor has refused, in the case (A) to obey any lawful order of the court, other than an order to respond to a material question or to testify..." 11 U.S.C. § 727(a)(6) (2007). A "trustee seeking revocation of discharge must establish that the debtor willfully and intentionally refused to obey the court's order." *In re Ireland*, 325 B.R. 836, 838 (Bankr. E.D.Mo. 2005) citing *In re Cummins*, 166 B.R. 338, 358 (Bankr. W.D.Ark. 1994).

On August 14, 2006, Debtor was ordered by this Court to deliver the Refund to Trustee. Debtor failed to deliver the Refund or any other amount to Trustee. In fact, Debtor admitted that she did not turnover the Refund to Trustee. After this Court issued the Order for turnover of the returns and the Refund, Debtor disobeyed this Court's Order. Trustee argues that Debtor's failure

to turnover the tax returns and the Refund demonstrates failure to obey a lawful order of this Court. Debtor received the Refund and knowingly and fraudulently failed to surrender the Refund to Trustee in violation of § 727(a)(6)(A). Therefore, Debtor's discharge will be revoked under §§ 727(d)(2) and (d)(3).

Trustee also seeks a judgment in the amount of $5,010.00. Trustee is therefore entitled to a judgment in this amount, which is equal to the amount of Debtor's Refund that was not surrendered to Trustee.

By separate order judgment will be entered in favor of Trustee and Debtor's discharge will be revoked.

*Kathy A. Surratt-States*

KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: October 28, 2008
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Stuart Jay Radloff
Goldstein & Pressman
121 Hunter Ave., Ste. 101
St. Louis, MO 63124

Stuart Jay Radloff
13321 N. Outer 40 Rd, Suite 800
St. Louis, MO 63017

Cassandra Nicole Ewing
2533 High Ridge Ave
Saint Louis, MO 63136